IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAYRIN LEMOND ROBINSON (TDCJ No. 1220907), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-438-K-BN |
| STATE BAR OF TEXAS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Because the facts alleged by Plaintiff Dayrin Lemond Robinson – who judges of this Court already have found to be a frivolous filer – are clearly baseless, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Robinson, a Texas prisoner, has filed his *pro se* complaint against several state entities and two individuals. *See* Dkt. No. 3. He has been granted leave to proceed *in forma pauperis*. *See* Dkt. No. 9. And he has submitted verified responses to the Court's questionnaire, issued to obtain, among other information, the factual bases for the claims he asserts. *See* Dkt. Nos. 6 & 7. Those verified responses "become part of [his]

pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

Although Robinson has filed several habeas corpus actions in this Court, and several of the civil rights actions he has filed in this Court have been dismissed without prejudice for failure to prosecute, Robinson also has accumulated at least two "strikes" (or qualifying dismissals) under the *in forma pauperis* statute, as amended by the Prison Litigation Reform Act of 1996 ("PLRA").

That statute "revokes prisoners' privileges to proceed i.f.p. if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim." *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996) (citing 28 U.S.C. § 1915(g)). *See Robinson v. Obama*, No. 5:14-cv-180-C (N.D. Tex. Dec. 8, 2014), Dkt. No. 5 (dismissing action with prejudice as factually frivolous under 28 U.S.C. § 1915(e)(2)(B)); *Robinson v. Hernandez*, No. 7:12-cv-27-O (N.D. Tex. Jan. 31, 2013), Dkt. Nos. 10 & 11 (dismissing action with prejudice for failure to state a claim upon which relief may be granted under Section 1915(e)(2)(B)(ii)).

The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Robinson fails to present a logical set of facts to support any claim for relief. For

example, asked to "provide the underlying facts" supporting the claims he asserts, Robinson responded:

> The parties ... each state claims of authority by the imposition of alphabetical order, to demand the labor and performance of concentration, thought, stress, anxiety, and handwritten testimony which would be used to proceed testing of personal and subject matter jurisdiction against the author of the response, rather than the conduct of the question no. 1 actions in the party's members ... as constructed by the class members unassigned to the suit in question no. 1.

Dkt. No. 7 at 3.

Because Robinson's complaint contains only allegations that are wholly based on delusional or fanciful scenarios, summary dismissal is warranted. *See, e.g., Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915[(e)].").

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above. This dismissal should count as a third "strike" under the *in forma pauperis* statute.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE